**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Garrett Estevez, | No. CV-25-04791-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, | |
| Defendant. | |

In his First Amended Complaint ("FAC"), *pro se* Plaintiff alleges that Defendant Experian Information Solutions, Inc. ("Experian") furnished consumer credit reports that contained "inaccurate reporting" regarding his federal student loans. (Doc. 15 ¶¶ 7-8.) The FAC identifies two alleged inaccuracies: *first*, Experian reported that his student loans were "severely delinquent" when, in fact, the loans "were not properly due and payable during that period due to their servicing and administrative status" (*id.* ¶¶ 8-9); and *second*, Experian "reported payment amounts and/or balances . . . that materially differed from the amounts reported by other consumer reporting agencies, despite all agencies relying on data from the same underlying furnisher" (*id.* ¶ 12). The FAC further alleges that Experian failed to correct these inaccuracies after Plaintiff notified Experian of them, did not provide Plaintiff with timely or meaningful results of any investigation, and otherwise failed to perform a reasonable reinvestigation. (*Id.* ¶¶ 21-31.) Based on these allegations, Plaintiff asserts two claims under the Fair Credit Reporting Act ("FCRA"). Count One is a claim under 15 U.S.C. § 1681e(b) and Count Two is a claim under § 1681i(a). (*Id.* ¶¶ 35-40.)

Now pending before the Court is Experian's Rule 12(b)(6) motion to dismiss. (Doc. 22.) The motion is fully briefed (Docs. 23, 24) and neither side requested oral argument. For the reasons that follow, the motion is granted.

**DISCUSSION**

I.    Legal Standard

Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings, Int'l, LLC*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

II.    Analysis

In Count One of the FAC, Plaintiff asserts a claim under § 1681e(b) of the FCRA. One of the required elements of that claim is that the underlying consumer credit report contained inaccurate information. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) ("To bring a § 1681e claim, the consumer must present evidence tending to show that a CRA [credit reporting agency] prepared a report containing inaccurate information.") (cleaned up). In Count Two of the FAC, Plaintiff asserts a claim under § 1681i(a) of the FCRA. That claim, too, requires proof of an inaccuracy. *Shaw*, 891 F.3d at 756 ("[A]lthough § 1681i does not on its face require that an actual inaccuracy exist, we, as with § 1681e claims, have imposed such a requirement. Requiring an inaccuracy, even

absent an express statutory mandate, is consistent with the FCRA's purpose to protect consumers from the transmission of inaccurate information about them.") (cleaned up). Put another way, "to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Id.* (cleaned up).

The first alleged inaccuracy identified in the FAC is that Experian reported that Plaintiff's federal student loan payments were delinquent, when in fact payment on the loans was "not *properly* due and payable during that period due to their servicing and administrative status." (Doc. 15 ¶ 8, emphasis added.)  Elsewhere, the FAC elaborates that the inaccuracy stemmed from "the absence of a *valid* delinquency." (*Id.* ¶ 19, emphasis added.)  Experian argues these allegations are deficient because "Experian reported exactly what the furnisher reported: that certain Department of Education/Nelnet accounts were past due by specified numbers of days.  [Plaintiff's] issue is not that the reported late payments were inaccurate as he does not allege that timely payments were made.  Rather, he maintains . . . that the accounts should not have been considered due at that time.  The FCRA does not require CRAs to resolve such legal disputes about the validity or enforceability of a debt . . . ." (Doc. 22 at 2.)  Experian adds: "Plaintiff does not allege that he made timely payments on the loans but only claims the 'servicing and administrative status' rendered the payments not delinquent." (*Id.* at 6.)  In response, Plaintiff does not directly address these arguments but offers the following: "Experian failed to reasonably verify whether those delinquency designations accurately reflected the loans' actual payment due dates, delinquency start dates, and account status during the reported period. . . . Whether those delinquency labels accurately reflected Plaintiff's payment obligations during the reported months is a factual question that cannot be resolved on a motion to dismiss." (Doc. 23 at 2.)  In reply, Experian argues that "Plaintiff entirely fails to address Experian's argument that his barebones claim that the 'servicing and administrative status' rendered the payments not delinquent is insufficient to establish an inaccuracy, and that any question regarding the legal status of Plaintiff's student loans is not properly resolved by a CRA." (Doc. 24 at 2.)

Experian has the better of this argument. The FAC does not allege that Experian's reporting of student loan payment delinquencies was inaccurate because Plaintiff had, in fact, made his student loan payments. Instead, the FAC alleges that Experian's reporting was inaccurate because Experian failed to consider the loans' "servicing and administrative status," which in turn meant that Plaintiff's loan payments were not "properly" due and that there was no "valid" delinquency. (Doc. 15 ¶¶ 8, 19.) Although the FAC asserts in conclusory fashion that Plaintiff is raising "a factual inaccuracy, not a legal dispute" (*id.* ¶ 10), the only plausible interpretation of the FAC is that Plaintiff is raising a legal dispute regarding the loan servicer's determination (which Experian then reported) as to when his loan payments were due. Courts have concluded that an FCRA claim will not lie in this circumstance. *See, e.g.*, *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) ("Because Humphrey's complaint did not allege a factual inaccuracy on his credit report, the district court correctly granted the CRAs' joint motion for judgment on the pleadings. Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); *Wright v. Experian Info. Sols., Inc.*, 805 F. 3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."); *Ortiz v. Westlake Financial Servs.*, 2026 WL 1223423, *1-2 (D. Ariz. 2026) (dismissing § 1681i claim, which was premised on the theory that the "tradelines at issue were inaccurate[] because, in Plaintiffs' view, it is unconstitutional for 'debt buyers to collect and enforce consumer debts they merely purchase and did not originate,'" in light of "Plaintiffs' failure to plead a cognizable inaccuracy").

The only other alleged inaccuracy identified in the FAC is that the payment amounts and balances reported by Experian "materially differed from the amounts reported by other consumer reporting agencies." (Doc. 15 ¶ 12.) Experian argues this allegation is deficient because "alleging 'inconsistencies' between multiple CRAs' reporting, without more, does not constitute an inaccuracy." (Doc. 22 at 6.) In response, Plaintiff argues: "Plaintiff does

not rely solely on discrepancies among consumer reporting agencies to establish inaccuracy. Rather, Plaintiff alleges that Experian reported payment amounts and balances that materially differed from those reported by other major CRAs for the same accounts and reporting periods." (Doc. 23 at 2.) In reply, Experian contends that Plaintiff's argument on this point is internally inconsistent, as the second sentence merely points to inconsistency with the reporting by other CRAs. (Doc. 24 at 2.)

Experian also has the better of this argument. The FAC conspicuously does not allege that the payment amounts and balances reported by Experian were wrong. It only alleges that they differed from the payment amounts and balances reported by other CRAs. This is not enough to state a valid claim of inaccuracy, as required under both § 1681e and § 1681i. *See, e.g.*, *Allen v. Experian Info. Sols., Inc.*, 2025 WL 3485873, *3 (D. Idaho 2025) ("Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information. The reason is straightforward: when one CRA reports a balance of $18,606 and another reports $135,019, both figures could be accurate as of different reporting dates, or one could be accurate and the other not. Without an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone.") (citations omitted).

Given these determinations, it is unnecessary to reach Experian's additional grounds for challenging the sufficiency of Counts One and Two.

III.    Leave To Amend

Experian argues in its reply that "[i]n the event the Court interprets Plaintiff's Opposition as a request for leave to amend the Amended Complaint, any such amendment would be futile. Counsel for Experian has notified Plaintiff of the deficiencies in his Complaint not once, but twice. After the first email exchange (required by Local Rule 12.1(c)), Plaintiff voluntarily filed his Amended Complaint. However, after being notified by counsel for Experian of the remaining deficiencies in the Amended Complaint, Plaintiff chose not to amend a second time. Therefore, the new allegations in Plaintiff's Opposition

should not be treated as a motion for leave to amend and should instead be disregarded by the Court.   Further, Plaintiff—through his Complaint, Amended Complaint, and Opposition—has continually failed to establish an inaccuracy in Experian's reporting." (Doc. 24 at 4.)

Although Plaintiff did not request leave to amend in the event of dismissal, the rule in the Ninth Circuit is that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up).  Furthermore, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Given these standards, the Court will grant Plaintiff leave to amend.  Rule 15(a) of the Federal Rules of Civil Procedure "advises the court that leave shall be freely given when justice so requires." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up). "This policy is to be applied with extreme liberality." *Id.* (cleaned up).  Thus, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Here, although Experian's futility arguments are not without force, it seems at least possible that Plaintiff could plead new facts sufficient to cure the deficiencies identified above.  Furthermore, although it is understandable why Experian would be frustrated with Plaintiff's refusal to voluntarily amend the FAC after being advised of the deficiencies that Experian intended to raise in its Rule 12(b)(6) motion, this order marks the first time the Court has notified Plaintiff of those deficiencies.  *United States ex rel. Relator, LLC v. Erskine*, 2026 WL 2041561, *7 (9th Cir. 2026) ("In denying leave to amend, the district court noted that CalCon and Erskine had challenged this theory in their motion to dismiss the original complaint, and that Relator failed to cure the pleading deficiency when it

voluntarily amended its complaint. We have never held that failing to cure all pleading deficiencies after a single, voluntary amendment necessarily means further amendment would be futile. To the contrary, our precedents indicate that the '*[r]epeated* failure to cure deficiencies by amendments previously allowed' is indicative of the futility of future amendment. Relator here elected to amend its complaint as a matter of course after CalCon and Erskine filed a motion to dismiss but before the district court had an opportunity to address the arguments presented therein. In other words, when it filed its amended complaint, Relator did not have the benefit of a court order identifying specific deficiencies in its pleading. When it issued its order crediting CalCon and Erskine's challenge to the employee headcount theory, the district court should have given Relator an opportunity to amend its complaint to address the district court's concerns.") (citations omitted).

Accordingly, Plaintiff is granted leave to amend as to Counts One and Two. But the grant of leave to amend is limited in scope—Plaintiff may only plead new facts intended to establish a cognizable inaccuracy. Plaintiff may not add new claims.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion to dismiss (Doc. 22) is **granted**. The FAC (Doc. 15) is dismissed.

2. Within 14 days of the issuance of this order, Plaintiff may file a Second Amended Complaint ("SAC"). The changes shall be limited to addressing the deficiencies identified above regarding Counts One and Two. Plaintiff shall, consistent with LRCiv 15.1, attach, as an exhibit, a redlined version of the pleading showing any changes made from the FAC.

3. If Plaintiff does not file a SAC within 14 days of the issuance of this order, the Clerk shall enter judgment accordingly and terminate this action.

Dated this 21st day of July, 2026.

Dominic W. Lanza
United States District Judge

- 7 -